**BI WU LIU, Petitioner,**

v.

**Peter D. KEISLER, Acting United**

States Attorney General *,
Respondent.

No. 06–3434–ag.

United States Court of Appeals,
Second Circuit.

Oct. 3, 2007.

Thomas V. Massucci, New York, NY, for
Petitioner.

Anne M. Hayes, Assistant United States
Attorney (Jennifer P. May–Parker, of
counsel; George E.B. Holding, Acting
United States Attorney, Eastern District
of North Carolina, on the brief), United
States Attorney's Office for the Eastern

* Pursuant to Federal Rule of Appellate Proce-
dure 43(c)(2), Acting Attorney General Peter
D. Keisler is automatically substituted for for-

District of North Carolina, Raleigh, NC,
for Respondent.

PRESENT: Hon. DENNIS JACOBS,
Chief Judge, Hon. SONIA SOTOMAYOR
and Hon. DEBRA ANN LIVINGSTON,
Circuit Judges.

### SUMMARY ORDER

Bi Wu Liu, a citizen of China, petitions
for review of the June 30, 2006 BIA deci-
sion affirming the April 29, 2005 decision
of Immigration Judge ("IJ") Adam Opaci-
uch denying Liu's applications for asylum,
withholding of removal, and relief under
the Convention Against Torture ("CAT").
*In re Bi Wu Liu,* No. A97–965–351 (B.I.A.
June 30, 2006), *aff'g* No. A97–965–351 (Im-
mig. Ct. N.Y. City Apr. 29, 2005). We
assume the parties' familiarity with the
underlying facts and procedural history of
the case.

When the BIA issues an opinion that
fully adopts the IJ's decision, this Court
reviews the IJ's decision. *See Chun Gao
v. Gonzales,* 424 F.3d 122, 124 (2d Cir.
2005); *Secaida–Rosales v. INS,* 331 F.3d
297, 305 (2d Cir.2003).

As a preliminary matter, we dismiss the
petition for review as to Liu's asylum
claim. Title 8, Section 1158(a)(3) of the
United States Code provides that no court
shall have jurisdiction to review the agen-
cy's finding that an asylum application was
untimely under 8 U.S.C. § 1158(a)(2)(B),
or the agency's finding that the lateness is
unexcused by changed or extraordinary
circumstances under 8 U.S.C.
§ 1158(a)(2)(D). Notwithstanding that
provision, however, this Court claims juris-
diction to review "constitutional claims"
and "questions of law." 8 U.S.C.

mer Attorney General Alberto R. Gonzales as
a respondent in this case.

§ 1252(a)(2)(D). Liu's arguments, which quarrel with the IJ's purely factual determinations and the IJ's exercise of discretion, raise no colorable constitutional claim or question of law. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 329 (2d Cir.2006). Accordingly, we lack jurisdiction to review Liu's asylum claim.

The untimeliness provisions of 8 U.S.C. § 1158(a)(2) do not apply to Liu's withholding of removal claim; we therefore review the IJ's decision as to that claim on the merits. This Court has recently determined that an alien who is the spouse, fiancé, or boyfriend of an individual who was forcibly sterilized does not automatically attain refugee status on that basis alone. *See Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 300 (2d Cir.2007) (*en banc*). Absent proof of "other resistance" to coercive family planning policies or well-founded fear of future persecution on account of such resistance, such aliens are ineligible for asylum. *Id.* at 309–10. It is undisputed that Liu's withholding of removal claim depends solely on his assertion that his wife was forcibly sterilized and not on the basis of any "other resistance" to coercive family planning policies. Therefore, he is ineligible for both asylum and withholding of removal.**

Because Liu has failed to sufficiently argue his CAT claim before this Court, and because addressing this argument does not appear to be necessary to avoid manifest injustice, any such argument is deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir. 2005) (explaining that issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal).

** Judge Sotomayor continues to disagree with the majority opinion in *Shi Liang Lin* to the extent it applies beyond unmarried partners, *see Shi Liang Lin,* 494 F.3d at 327 (Sotoma-

For the foregoing reasons, the petition for review is hereby **DENIED**. The pending motion for a stay of removal in this petition is **DISMISSED**.

**JIAN QUAN CHEN, Petitioner,**

**v.**

yor, J., concurring), but she is bound by court precedent, *see United States v. Wilkerson,* 361 F.3d 717, 732 (2d Cir.2004).